CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

NELSON NORTHROP v. THE CITY OF PORTLAND.

CONTRACT— CONSTRUCTION.—Where an estimate had been previously made, and the defendant contracted for removing earth, in the words, "For grading as per estimate on file, thirty cents per cubic yard," *Held*, that *prima facie* the estimate must be taken as correct, and the burden of proof is on the plaintiff to show that there is a mistake in the estimate.

*Caples & Moreland*, for the plaintiff.

*C. A. Dolph, City Attorney*, for the defendant.

THE plaintiff contracted to do "all the grading required by a plank roadway sixteen feet in width in front of the block abutting on Second street, between Madison and Harrison streets," in the city of Portland; for which the city agreed to pay him "as follows, to wit: for grading as per estimate on file, thirty cents per cubic yard."

At the making of the contract, there was on file a written estimate, made by the city surveyor, stating the grading at a given number of yards. This was set forth in the complaint, and it was alleged that the estimate was erroneous and incorrect. And the complaint specified a greater number of yards actually included in the grading and necessarily removed by the plaintiff. The action is for compensation

for the number of yards which the earth alleged to have been removed exceeds the estimate.

The defendant demurred that the facts stated did not constitute a cause of action, and the demurrer was overruled.

The defendant answered, denying the alleged error in the estimate, and setting up certain city ordinances, and certain usages in regard to such kinds of work in the city, and averring an agreement to pay according to the estimate only.

On the trial it was shown that the plaintiff had frequently done work for the city under contracts containing similar provision in regard to the mode of estimating the work; that it was the customary mode of letting contracts, to first cause the amount of earth to be estimated by the city surveyor, and to place the written estimate on file before making the contract; and that in his previous transactions the plaintiff had settled with the defendant upon the basis of the estimates so filed, without any subsequent or other measurement of the work.

The following instruction asked by the defendant, the court declined to give to the jury:

"If you find that by the agreement the amount of compensation was to be calculated and determined by the estimate then on file, the verdict must be for the defendant."

Upon the principal points in the case the court instructed as follows:

If you find that it was an established usage known to the plaintiff at the time of making the contract, to contract with reference to an estimate previously made and filed, showing the number of yards of grading, and to rely upon such estimate, and to settle the compensation by it without any further measurement or computation, you will take the written estimate offered in evidence as fixing the plaintiff's compensation; unless you are satisfied that the city surveyor made a mistake in making that estimate. In that case the burden of proof is on the plaintiff to show the mistake.

By the terms of the contract the parties must be presumed to have bargained under the belief that a correct estimate had been made; and with an intention that the compensation would be made in pursuance of the estimate.

It was the intent of the parties that the plaintiff should be paid for all the earth required to be removed, and it was their intent that no further measurement should be necessary to ascertain the amount. *Prima facie*, the estimate must be taken as correct, because the parties so intended and so in substance bargained, and for this reason the plaintiff, who asserts that it is incorrect, has the burden of proving his assertion.

The defendant had a verdict.